THE MANCHESTER GARDENS CORPORATION *v.* TOWN OF MANCHESTER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided April 9, 1948

*Jay E. Rubinow,* with whom was *John D. LaBelle,* for the appellant-appellee (plaintiff).

*William S. Hyde,* for the appellant-appellee (defendant).

JENNINGS, J. The question to be determined on the defendant's appeal is whether the town of Manchester is discriminating against the plaintiff in its charges for water.

The facts are not disputed. The defendant owns and operates a municipal water system. Prior to 1942, the defendant entered into a contract with the federal housing authority to service a large number of houses owned by the latter through one meter. The plaintiff is the owner of a group of buildings situated in the same town, erected in 1943 and supplied with water by the defendant through separate water meters for several of the buildings. A separate bill is rendered for each meter. The charge to the plaintiff would be less if all of its buildings were served through one meter. It has requested the defendant to permit it to install such a meter but the defendant has refused to do so.

The rules of the water department provide that there shall be one meter furnished by the town for each service connection. A service connection is defined as a connection at the curb line between a pipe from the water main and the consumer's pipe. The distribution pipes were laid by the plaintiff on its property at its expense, but there is no finding as to the number of existing service connections.

The court concluded, in effect, that the defendant discriminated against the plaintiff in refusing to permit it "to remove all meters except one, which will meter the total quantity of water used on the premises of the plaintiff, and in refusing to deter-

mine its charges on the basis of the reading of that one meter."

". . . the service of a public utility should be equal to all patrons similarly circumstanced." *Turner* v. *Connecticut Co.*, 91 Conn. 692, 699, 101 A. 88. A sliding scale of rates, reasonably proportioned to the quantity used, is not an illegal classification. *Bilton Machine Tool Co.* v. *United Illuminating Co.*, 110 Conn. 417, 426, 148 A. 337. Under the rule that there shall be one meter for each service connection, whether there was discrimination as between the property of the housing authority and that of the plaintiff would depend on the comparative number of service connections. Since the finding does not state the number of service connections serving either, the test cannot be applied, and the court was in error in concluding on the facts found that the defendant was discriminating against the plaintiff. A map referred to in the finding but not made a part thereof shows that it would be impractical if not impossible to serve the entire property of the plaintiff through one service connection. It fronts on two widely separated streets and is apparently now served from each. There is error on the defendant's appeal.

The plaintiff's assignments of error claim that the court should have ruled that it should be charged for the total amount of water used by it as if it had gone through one meter. No rules providing for this method of calculating the charges to the plaintiff are in the finding, and the court was not required to grant the relief demanded. On the finding, the plaintiff could claim only that it be charged for a separate reading for each meter installed at a service connection. As indicated above, the number of such connections is not found. *Scovill Mfg. Co.* v. *Kilduff,*

79 Conn. 279, 64 A. 218, relied on by the plaintiff, does not require a different conclusion. That case was decided on the basis of rules and regulations of a water department contained in the finding (63 Rec. & Briefs 246), but no such regulations appear in the finding in the case at bar. There is no error on the plaintiff's appeal.

There is little similarity between the water installations on the property of the authority and those on the property of the plaintiff, as this discussion has demonstrated. A new trial may enable the parties to adjust their difficulties, which seem to be more practical than legal.

There is no error on the plaintiff's appeal. There is error on the defendant's appeal, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.